# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID L. HILLIARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1307-D |
| | ) |
| **UNITED STATES, et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, has filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. Plaintiff also requested *in forma pauperis* status. [Doc. No. 2]. The matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied in accordance with 28 U.S.C. 1915(g) and that Plaintiff be ordered to pay the full $350 filing fee before being allowed to proceed with this action.

## Analysis

Title 28 U.S.C. § 1915(g), the so-called three strikes provision of the *in forma pauperis* statute, as amended by the Prison Litigation reform Act of 1995, Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

>frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a prisoner with three strikes from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the imminent danger exception is demonstrated. A prisoner who has three strikes may nevertheless proceed in civil actions or appeals by prepaying the filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d. 775, 778 (10th Cir. 1999); *see also Medberry v. Butler*, 185 F.3d. 1189, 1193 n. 2 (11th Cir. 1999) ("We note that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan.").

The undersigned takes judicial notice of this Court's records regarding Plaintiff's litigation history. Specifically, the undersigned notes that in a prior action filed by Plaintiff in this Court, *Hilliard v. Municipal of Comanche County,* Case No. 04-1123-L, United States District Judge Tim Leonard entered an order dated April 12, 2005 [Doc. No. 17], dismissing Plaintiff's complaint in that case for failure to state a claim and imposing Plaintiff's third "strike" pursuant to 28 U.S.C. § 1915(g), after Plaintiff exhausted or waived his right to appeal.[1] Judge Leonard warned Plaintiff that any future filings would be subject to the restrictions set forth in 28 U.S.C. § 1915(g), which would allow Plaintiff to bring a civil

---

[1]This Court's record demonstrates that Plaintiff did not appeal Judge Leonard's April 12, 2005 Order and Judgment and the time for doing so has passed, and therefore the third strike imposed on Plaintiff is in place. *Jennings*, 175 F.3d. at 780.

action *in forma pauperis* only upon a showing that he is in imminent danger of serious physical injury. *Id.* [2]

By order dated December 9, 2008, Plaintiff was directed to show cause why his application for pauper status should not be denied under 28 U.S.C. § 1915(g). Plaintiff filed his response to the show cause order on December 19, 2008. [Doc. No. 9]. The Court must therefore determine whether Plaintiff has asserted a credible allegation that he is under imminent danger of serious physical injury. In his complaint Plaintiff alleges claims of conspiracy and racial discrimination against various state district judges and prosecutors but he makes no assertion regarding any danger of serious physical injury. In his response to the show cause order, Plaintiff does not deny the existence of three or more qualifying dismissals. Rather, Plaintiff explains that as a pro se litigant unfamiliar with the law, he mistakenly filed the previous cases under § 1983 raising claims that were not cognizable civil rights claims. Plaintiff's Response to Order to Show Cause, pp. 2-3. Plaintiff then argues the merits of his claims in the instant action that the trial transcripts of his criminal case have been withheld in violation of his constitutional rights. *Id.*, pp. 3-7. He further admits that he has been "litigating this same issue since 1995 . . . and asserts that he "'will not' stop litigating this issue . . . ." *Id.*, p. 9. Plaintiff attempts to demonstrate "imminent danger of

---

[2] In the Report and Recommendation adopted by Judge Leonard, it was noted that Plaintiff had previously accumulated two strikes in the following cases: *Hilliard v. Comanche County, et al.,* Case No. CIV-97-317-L (W.D. Okla. May 6, 1997)(dismissing § 1983 complaint as frivolous) and *Hilliard v. Comanche County*, Case No. CIV-99-408-A (W.D. Okla. Sept. 8, 1999)(dismissing mandamus action for failure to state a claim, *inter alia*, and imposing a "strike" under 28 U.S.C. § 1915(g). *See Hilliard v. Municipal of Comanche County, et al.*, Case No. CIV-04-1123-L [Doc. No. 14].

serious physical injury" by alleging that he is "an innocent man in prison" and his safety has been threatened several times in prison. *Id.*, pp. 10-11.  However, the undersigned finds that such conclusory allegations do not raise a credible inference that he is in imminent danger of serious physical injury.  *See e.g. White v. State of Colorado*, 157 F.3d 1226, 1232, 1235 (10th Cir. 1998) (plaintiff failed to raise a "credible allegation" that he was "in imminent danger of serious physical harm" where he alleged that he had been denied life sustaining medication, had been beaten and tortured but did not specify "even the general nature of a serious physical injury[.]").  Thus, the undersigned finds that the exception to 28 U.S.C. § 1915(g) does not apply and recommends that Plaintiff's *in forma pauperis* application be denied.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 2] be DENIED and this action dismissed without prejudice unless Plaintiff pays the full $350 filing fee within twenty days from the date of any order adopting this Report and Recommendation.  It is further recommended that unless Plaintiff pays the full filing fee as set out above, the motions filed by Plaintiff [Doc. Nos. 6, 8, and 10] be denied as moot. Plaintiff is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 20th day of January, 2009, in accordance with 28 U.S.C. § 636 and Local Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 31st day of December, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE