IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. HILLIARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1307-D |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court is the Report and Recommendation of United States Magistrate Judge Bana Roberts issued December 31, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Roberts recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that this action be dismissed without prejudice unless Plaintiff pays the full filing fee within twenty days. This recommendation is based on findings that Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g) and that he has failed to allege sufficient facts to avoid the operation of that provision. Plaintiff, who appears *pro se*, has filed a timely objection and a separate motion, entitled "Request for Nunc Pro Tunc," seeking a change in the Report. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In both his filings, Plaintiff alleges that Judge Roberts has incorrectly characterized this action as one under 42 U.S.C. § 1983 rather than one under 42 U.S.C. § 1981 and other civil rights statutes. Also in the Objection, Plaintiff challenges the validity of 28 U.S.C. § 1915(g). He argues that it is inconsistent with provisions of § 1915(b) and local court rules stating that no person will be prohibited from bringing a civil action due to indigence. *See* 28 U.S.C. § 1915(b)(4); W.D. Okla. LCvR3.4(a). Liberally construing Plaintiff's arguments, he also challenges the application of

§ 1915(g) as a violation of his constitutional rights under the First, Thirteenth and Fourteenth Amendments. Plaintiff also argues the merit of his substantive claims.

These arguments are inapposite to the issue of the applicability of § 1915(g). Plaintiff does not deny he is a "prisoner," as defined by § 1915(h), who has on three or more occasions brought an action or appeal in federal court that was dismissed as frivolous or for failure to state a claim. Thus, under the plain terms of § 1915(g), Plaintiff may bring a civil action *in forma pauperis* under § 1915(a) only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff makes no factual allegation that would satisfy this exception to the "three strikes" provision. Plaintiff's arguments challenging the validity and constitutionality of § 1915(g) are contrary to binding precedent. *See Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Therefore, upon *de novo* review of the issues, the Court fully concurs in Judge Roberts' finding that Plaintiff is not entitled to proceed *in forma pauperis* by operation of § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] is DENIED. Plaintiff shall pay the filing fee for this action in the amount of $350.00 within twenty (20) days from the date of this Order. Failure to make full payment by that date will result in the dismissal of this action without prejudice to refiling.

IT IS FURTHER ORDERED that Plaintiff's "Request for Nunc Pro Tunc" [Doc. No. 13] is DENIED as moot.

IT IS SO ORDERED this  16th   day of January, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE